Chief Justice Robertson,
delivered the opinion of the Court.
The appellant, Redman McDaniel, filed his bill in chancery against the appellee, Richard Wright, praying for a rescission of a contract, whereby he had sold to Wright, for $100, his interest as one of the heirs of Peter Becroft, who had died in 1825, childless and intestate. On the hearing upon bill, answer, and depositions, the circuit, court dismissed the bill absolutely.
It seems .that Rachel McDaniel, who died before ÍS25, was a sister of the decedent, Peter Becroft, and would have been entitled, if she had survived him, to oue seventh part of his estate, or about $1500, the estate having amounted to about $10,500; that she had had ten children, four of whom .had died prior to the death of Peter Becroft, one childless and three leaving issue; that of the «ix survivors, the appellant and the wife of the appellee’s-, were two; that, hearing of Becroft’s death,, the appellant and another of the six survivors, determined. to ascertain the extent of their interests, and agreed with the appellee that if he would go to Frederick county, in Maryland, (where the decedent had lived and died) and attend to their claims, they would' reimburse a just proportion of his expenses and pay him a reasonable sum for his services — and accord-; ingly gave him authority to collect whatever might be due to them; that he went to Maryland twice, but failed each time to collect anything, because, on his first visit, the estate was not ready for distribu *476 tion, and on his second visit his authority was deemed imperfect; tiiat after his return the second time, he bought the claim of the appellant ior $100, and having, in the mean time, obtained a sufficient authority from all the heirs of Rachel McDaniel, he went a third time to Maryland, and then received $1400 as the aggregate amount of the joint interest of all who were entitled to any thing, as rcpre-' sentatives of Rchael McDaniel.
Contracts betWlS'heh-ÍRntS principáis, as bi-tween others standdi>ntíal°relatinns, should be zealously th™chic>ee]by lor, and slight oirrmnsia-.c -s sur'irise^'orY' hardship may J*'tj¿(;v'(.n so -.ehm. wrlt|“’tu1fcai(,roof '
*476 The bill charges that the appellant had supposed that the children of the three who had died prior to Becroft’s death, were entitled, as well as the six' survivors, to portions of his estate, and that, therefore, the appellant’s interest was only one ninth part of tlie seventh to which his mother would have been entitled; that the appellee had ascertained, on his first visit to Maryland, that by the law of that state, the grand children of Rachel McDaniel were entitled to nothing, but that her six suiviving children were entitled to the whole of her interest in Becroft’s estate, but that he not only concealed the fact, but falsely represented to the appellant that his interest was only one ninth instead of one sixth part.
The answer denies fraud in suggestion or suppression, and alleges that, on his second visit, a lawyer told the appellee that the six survivors were alone entitled, and tiiat a judge told hitn Rachel¡ McDaniel’s interest was, according to the law o£ Maryland, divisible into nine shares, and that he himself did not know which of his counsellors were right.
Contracts between agents and their principles, as ^ween °^,ei S’ s^an(^n8 >n confidential relations, should he jealously scrutinised by the chancellor, arid slight circumstances of inequality, surprise, or hardship, may be sufficient to vacate them even, sometimes, without proof of actual fraud. In this case it was the duty of the appellee, as an honest manantía faithful agent, to communicate to the appellant, all he knew or had even heard, which might affect the value or extent of his interest; and if he failed to do so, and in consequence oí that fail lire, (even without any misrepresentation) obtained his interest for less than would have been de *477 jnanded o.n a full view of all the facts, honestly anil truly disclosed, it would be right to rescind ihe co»-
It is true that there is but an inconsiderable differenoe between the appellant’s interest at its maximum estimate, and the $100 given for it, when added to the amount to which the appellee would seem to be entitled for expenses and service, if the contract be rescinded. That circumstance should not, however, operate decisively, if otherwise its would be clearly right to decree a rescission.
But as the case was presented to the circuit judge; he ought not to have decreed a rescission. It does not sufficiently appear that the appellant was entitled to a sixth, or to more than lie supposed he was, viz. one ninth part. 'I he answer is silent on that subject, and'there is no proof. There is nothing in this record to show what the law of Maryland is; and the law may even there be unsettled or uncertain, and a mere matter of speculation about which jurists may entertain opposite opinions. It is not a matter which should be presumed to have been certainly in the knowledge of the appellee. It appears that the appellee has stated to the appellant, and to some others, since he collected the $1400, that tne fund due to Mrs. McDaniel’s children was distributable into nine shares, by the law of Maryland, and that he has said to some of those claiming as heirs of the three children who died before the death of Becroft, that the law distributed the fund into six parts only, and that consequently, none but the six surviving children of Mrs. McDaniel were entitled to any thing. But all this, in its most unfavorable aspect, does not prove what the law is, nor show that the appellant is entitled to one sixth part, ©r that the heirs of the three deceased children of Mrs. McDaniel are not entitled, per sirpes, to three parts out of nine. It seems that the appellee had authority from from the claimants of nine shares, to collect whatever was due to any and to all of them; and it does not appear that he collected for six only, but simply that he received $1400 for one entire seventh pa* i, io which the children of Mrs. McDaniel were entitled., without havinghad.it ascertained judicial *478 ly, or otherwise, that the amount so collected was ■distributable into nine or only six parts.
Thi-. oouit does not judicially know Jiow the laws of Maryland distribute doGodcnt’s cscator..
C. til. Wiekliffe, for appellant.
Not knowing, judicially, what the law of Maryland is or was, tiiis court cannot decide that the appellant is entitled to as much as one sixth or to more than one ninth part of the one seventh part, to-which his mother, if living, would be entitled.
Wherefore, the decree must be affirmed.